UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RUBEN O. POU
and other similarly-situated individuals,

    Plaintiff (s),

v.

LL TRANSPORT & INTERP CORPORATION
and LUIS DELGADO, individually.

    Defendants.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff RUBEN O. POU, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants LL TRANSPORT & INTERP CORPORATION, and LUIS DELGADO, individually and alleges:

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff RUBEN O. POU is a resident of Miami-Dade, Florida, and at the time relevant to this complaint he worked in the Miami-Dade County area, and he is within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant LL TRANSPORT & INTERP CORPORATION (hereinafter LL TRANSPORT) is a Florida corporation which has its place of business in Miami-Dade

County and performed business in Miami-Dade County within the jurisdiction of this Court. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant LUIS DELGADO was/and is now, owner/president and manager of Defendant Corporation LL TRANSPORT. This individual is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who were misclassified as "Independent Contractors, and who worked in excess of forty (40) hours during one or more weeks on or after December 2016, (the "material time") without being compensated minimum and overtime wages pursuant to the FLSA. It is believed that Defendants employ more than 10 drivers working under the same terms and conditions as Plaintiff.

7. Corporate Defendant LL TRANSPORT provides special patient transportation services to different medical centers within the area of Miami-Dade County.

8. Defendants LL TRANSPORT and employed Plaintiff RUBEN O. POU as a non-exempt employee, from approximately December 1, 2016 through February 13, 2017, or 10 weeks.

9. Plaintiff was hired as a driver, transporting patients from their homes to medical centers and then returning patients back home. Plaintiff accompanied patients to their medical appointments and also served as a translator.

10. Plaintiff's schedule varied slightly, but most of the time he maintained a regular schedule. Plaintiff worked from Monday to Friday, minimum from 7:00 AM to 6:00 PM, (11 hours daily) or 55 hours per week. In addition, Plaintiff worked from home at least two hours every day, confirming the transportation of patients for the following day, these hours represent 10 extra hours every week which constituted overtime hours.

11. Plaintiff was promised to be paid $20.00 x every 30 miles and one dollar for any additional mile. In addition, Plaintiff was offered $15.00 dollars for his translation services. Nevertheless, Defendants never paid Plaintiff at any rate, not even at the minimum wage rate.

12. Plaintiff, and other similarly situated individuals, were required to maintain and pay for safe, clean, legally operable, and insured vehicles. Plaintiff used his own personal vehicle to perform his work. Nevertheless, Plaintiff was not reimbursed for gasoline, and car expenses such as gasoline, ($100.00 weekly); tolls ($20.00 weekly); car maintenance, ($83.00 weekly); and car insurance ($45.00 weekly or $180.00 monthly). These car expenses totaled approximately $248.00 very week.

13. Plaintiff worked an average of 65 hours weekly, during a period of 10 weeks. However, Defendants LL TRANSPORT and LUIS DELGADO did not pay Plaintiff, minimum wages, and overtime hours. During his time of employment with Defendants, Plaintiff receive a partial payment of only $165.00

14. Therefore, during the relevant period, Defendants failed to pay Plaintiff minimum and overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of FLSA provisions.

15. Plaintiff complained many times and Defendant LUIS DELGADO always promised to pay Plaintiff next week.

16. On or about February 13, 2017, Plaintiff complained again to Defendant LUIS DELGADO. This individual Defendant told Plaintiff that he was not going to pay him, and fired Plaintiff without paying him his hard-earned wages.

17. Plaintiff RUBEN O. POU and all others similarly situated individuals were victims of Defendants' common policy and practices which enabled them to violate overtime provisions of the Fair Labor Standards Act.

18. Plaintiff seeks to recover unpaid minimum and overtime wages, accumulated during the relevant period of employment, liquidated damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not being paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff RUBEN O. POU and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant LL TRANSPORT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is a patient transportation service company that participated in interstate commerce. Defendant provided transportation services to Medicaid recipients participating in programs funded by State and Federal agencies. Defendant also engaged in interstate commerce by using the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were

regularly engaged in interstate commerce. Plaintiff as a driver, provided transportation services to Medicaid patients participating in programs of State and Federal agencies. Therefore, there is FLSA individual coverage.

24. Defendant LL TRANSPORT employed Plaintiff RUBEN O. POU as a patient transportation driver, from approximately December 1, 2016, through February 13, 2017, or 10 weeks.

25. Plaintiff RUBEN O. POU was an employee of LL TRANSPORT, within the meaning of 29 U.S.C. § 203(e)(1). Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

26. During his time of employment with Defendant, Plaintiff and those similarly-situated, regularly worked an average of more than 40 hours per week without receiving proper payment for every hour in excess of forty, in violation of Section 7 (a) of the FLSA.

27. Plaintiff's schedule varied slightly, but most of the time he maintained a regular schedule. Plaintiff worked from Monday to Friday, minimum from 7:00 AM to 6:00 PM, (11 hours daily) or 55 hours per week. Plaintiff was unable to take lunch breaks. In addition, Plaintiff worked from home at least 2 hours daily or 10 hours per week, which constitute overtime hours. Thus, Plaintiff worked a minimum of 65 hours every week.

28. Plaintiff worked for a period of 10 weeks an average of 65 hours per week. However, Plaintiff was not paid minimum wages or overtime hours. During his time of employment, Plaintiff only received a partial payment of $165.00.

29. Plaintiff was never provided with a paystub or statement indicating hours worked, payment rate, unpaid wages, etc., etc.

30. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time records of hours worked by Plaintiff and other employees.

32. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

33. *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations are based in a workweek 65 hours.

    a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

       Two Thousand Seven Hundred Twenty Dollars and 00/100 ($2,720.00)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks of employment: 10 weeks
       Total number of hours worked: 65 hours weekly
       Total number or paid hours: 65 hours
       Total number of unpaid overtime hours: 25 hours
       Min. wage rate: $7.25 daily x 1.5=$10.88 days O/T rate
       O/T rate: $10.88

       O/T rate $10.88 x 25 O/T hours = $272.00 weekly x 10 weeks = $2,720.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid half-time overtime wages.

34. Therefore, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to

properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

36. At the times mentioned, individual Defendant LUIS DELGADO was the owner/president/and manager of LL TRANSPORT. This individual defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant acted directly in the interests of LL TRANSPORT in relation to their employees, including Plaintiff and others similarly situated. Defendant LUIS DELGADO had financial and operational control of the corporation, determined terms, working conditions, and provided Plaintiff and other similarly situated employees with their work schedule. Defendant LUIS DELGADO is jointly liable for Plaintiff's damages.

37. Defendants LL TRANSPORT and LUIS DELGADO willfully and intentionally misclassified Plaintiff as an Independent Contractor and refused to pay Plaintiff overtime wages as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

38. Plaintiff seeks to recover his unpaid overtime wages accumulated during his time of employment with Defendants as allowable by law.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff RUBEN O. POU and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff RUBEN O. POU and other similarly-situated individuals and against the Defendants LL TRANSPORT, and LUIS DELGADO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff RUBEN O. POU actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff RUBEN O. POU and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

40. Plaintiff RUBEN O. POU re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

41. This action is brought by Plaintiff RUBEN O. POU and those similarly-situated to recover from the Employer LL TRANSPORT unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

42. Defendant LL TRANSPORT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a patient transportation service company that participated in interstate commerce. Defendant provided transportation services to Medicaid recipients participating in programs funded by State and Federal agencies. Defendant also engaged in interstate commerce by using the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

43. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff as a driver, provided transportation

services to Medicaid patients participating in programs of State and Federal agencies. Therefore, there is FLSA individual coverage.

44. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

45. Defendants LL TRANSPORT and employed Plaintiff RUBEN O. POU as a non-exempt employee, from approximately December 1, 2016 through February 13, 2017, or 10 weeks.

46. Plaintiff was hired as a driver, transporting patients from their homes to medical centers and then returning patients back home. Plaintiff accompanied patients to their medical appointments and also served as a translator.

47. Plaintiff's schedule varied slightly, but most of the time he maintained a regular schedule. Plaintiff worked from Monday to Friday, minimum from 7:00 AM to 6:00 PM, (11 hours daily) or 55 hours per week. In addition, Plaintiff worked from home at least two hours every day, confirming the transportation of patients for the following day, these hours represent 10 extra hours every week which constituted overtime hours.

48. Plaintiff was promised to be paid $20.00 x every 30 miles and one dollar for any additional mile. In addition, Plaintiff was offered $15.00 dollars for his translation services.

49. Plaintiff, and other similarly situated individuals, were required to maintain and pay for safe, clean, legally operable, and insured vehicles. Plaintiff used his own personal vehicle to perform his work. Nevertheless, Plaintiff was not reimbursed for gasoline, and car expenses such as gasoline, ($100.00 weekly); tolls ($20.00 weekly); car maintenance, ($83.00 weekly); and car insurance ($45.00 weekly or $180.00 monthly). These car expenses totaled approximately $248.00 very week.

50. Plaintiff worked an average of 65 hours weekly, during a period of 10 weeks. However, Defendants LL TRANSPORT and LUIS DELGADO did not pay Plaintiff, minimum wages. During his time of employment with Defendants, Plaintiff receive a partial payment of only $165.00. Furthermore, Plaintiff never was reimbursed for gasoline and car expenses.

51. Therefore, during the relevant period, Defendants failed to pay Plaintiff minimum and overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of FLSA provisions.

52. Plaintiff RUBEN O. POU was an employee of LL TRANSPORT, within the meaning of 29 U.S.C. § 203(e)(1). Defendant was the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

53. The records, if any, concerning the number of hours actually worked by Plaintiff RUBEN O. POU, and all other similarly-situated employees, and the compensation actually paid to such employees, should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

54. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

55. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations are based in a workweek of 65 hours. After proper discovery, any amount paid to Plaintiff will be deducted
    *Florida minimum wage for 2016 is $8.05, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Five Thousand Two Hundred Sixty-Five Dollars and 00/100 ($5,265.00)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks of employment: 10 weeks
       Total number of hours worked: 65 hours weekly
       Florida minimum wage rate: $8.10

       FL min. wage $8.10 x 65 hours weekly=$526.50 weekly x 10 weeks=$5,265.00

    c. <u>Nature of wages</u>:

       This amount represents unpaid minimum wages at Florida Minimum Wage rate.

56. Defendant LL TRANSPORT unlawfully failed to pay Plaintiff minimum wages as required by the Fair Labor Standards Act.

57. Defendant LL TRANSPORT knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

58. At the times mentioned, individual Defendant LUIS DELGADO was the owner/president, and manager of LL TRANSPORT. This individual defendant was the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant acted directly in the interests of LL TRANSPORT in relation to their employees, including Plaintiff and others similarly situated. Defendant LUIS DELGADO had financial and operational control of the corporation, determined terms, working conditions, and provided Plaintiff and other similarly situated employees with their work schedule. Defendant LUIS DELGADO is jointly liable for Plaintiff's damages.

59. Defendants LL TRANSPORT, and LUIS DELGADO willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above, and remain owing Plaintiff these minimum wages.

60. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RUBEN O. POU and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff RUBEN O. POU and against the Defendants LL TRANSPORT, and LUIS DELGADO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff RUBEN O. POU and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

61. Plaintiff RUBEN O. POU re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

62. This action arises under the laws of the United States.

63. Defendant LL TRANSPORT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a patient transportation service company that participated in interstate commerce. Defendant provided transportation services to Medicaid recipients participating in programs funded by State and Federal agencies. Defendant also engaged in interstate commerce by using the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum.

By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

64. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff as a driver, provided transportation services to Medicaid patients participating in programs of State and Federal agencies. Therefore, there is FLSA individual coverage.

65. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

66. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

67. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

68. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

69. Defendant LL TRANSPORT employed Plaintiff RUBEN O. POU as a non-exempt tipped car wash employee, approximately from December 01, 2016 to February 13, 2017, or 10 weeks.

70. Plaintiff was hired as a driver, transporting patients from their homes to medical centers and then returning patients back home. Plaintiff accompanied patients to their medical appointments and also served as a translator.

71. Plaintiff's schedule varied slightly, but most of the time he maintained a regular schedule. Plaintiff worked from Monday to Friday, minimum from 7:00 AM to 6:00 PM, (11 hours daily) or 55 hours per week. In addition, Plaintiff worked from home at least two hours every day, confirming the transportation of patients for the following day, these hours represent 10 extra hours every week which constituted overtime hours.

72. Plaintiff was promised to be paid $20.00 x every 30 miles and one dollar for any additional mile. In addition, Plaintiff was offered $15.00 dollars for his translation services.

73. Plaintiff, and other similarly situated individuals, were required to maintain and pay for safe, clean, legally operable, and insured vehicles. Plaintiff used his own personal vehicle to perform his work. Nevertheless, Plaintiff was not reimbursed for gasoline, and car expenses such as gasoline, ($100.00 weekly); tolls ($20.00 weekly); car maintenance, ($83.00 weekly); and car insurance ($45.00 weekly or $180.00 monthly). These car expenses totaled approximately $248.00 very week.

74. Plaintiff worked an average of 65 hours weekly, during a period of 10 weeks. However, Defendants LL TRANSPORT and LUIS DELGADO did not pay Plaintiff, minimum wages, and overtime hours. During his time of employment with Defendants, Plaintiff receive a partial payment of only $165.00.

75. Therefore, during the relevant period, Defendants failed to pay Plaintiff minimum and overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of FLSA provisions.

76. Plaintiff complained many times about his unpaid regular wages and overtime hours. Defendant LUIS DELGADO always promised to pay Plaintiff next week.

77. These complaints constituted protected activity under the Fair Labor Standards Act.

78. On or about February 13, 2017, Plaintiff complained again to Defendant LUIS DELGADO. This individual Defendant told Plaintiff that he was not going to pay him, and fired Plaintiff without paying him his hard-earned wages.

79. Plaintiff performed his duties satisfactorily, there was no reason to fire him other than retaliation for his complaints about unpaid wages.

80. There was close proximity between Plaintiff's last protected activity and his retaliatory termination.

81. At the times mentioned, individual Defendant LUIS DELGADO was the owner/director of LL TRANSPORT. Defendant LUIS DELGADO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of LL TRANSPORT in relation to its employees, including Plaintiff and others similarly situated. Defendant LUIS DELGADO had financial and operational control of the corporation, determined Plaintiff and other similarly situated employees' working conditions, and is jointly liable for Plaintiff's damages.

82. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

83. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RUBEN O. POU respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants LL TRANSPORT and LUIS DELGADO that Plaintiff RUBEN O. POU recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants LL TRANSPORT and LUIS DELGADO to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff RUBEN O. POU further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff RUBEN O. POU demands trial by jury of all issues triable as of right by jury.

DATED: March 23, 2017

        Respectfully submitted,

        By: __/s/ Zandro E. Palma____
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*